UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| William Kostroun,<br><br>              Plaintiff,<br><br>  v.<br><br>The Game Haus LLC,<br><br>              Defendant. | Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff William Kostroun ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant The Game Haus LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at domain www.thegamehaus.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Plaintiff's copyrighted photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff William Kostroun is an individual who is a citizen of the State of New Jersey and resides in Bergen County, New Jersey.

6. Upon information and belief, Defendant The Game Haus LLC is an Ohio limited liability company with a principal place of business at 3455 Renaissance Blvd, Franklin in Warren

1

County, Ohio.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Ohio.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. On October 7, 2018, Plaintiff first published a photograph of National Football League player, Brandon Shell ("*Photograph 1*"). A copy of Photograph 1 is attached hereto as Exhibit 1.

15. In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

16. On November 15, 2018, Photograph 1 was registered by the USCO under

2

Registration No. VA 2-127-178.

17. Plaintiff published Photograph 1 by commercially licensing it to the New York Post.

18. On June 12, 2021, Plaintiff first published a photograph of National Football League player, Ojulari ("*Photograph 2*"). A copy of Photograph 2 is attached hereto as <u>Exhibit 1</u>.

19. In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

20. On July 16, 2021, Photograph 2 was registered by the USCO under Registration No. VA 2-263-052.

21. Plaintiff published Photograph 2 by commercially licensing it to the New York Post.

22. Hereinafter, Photograph 1 and Photograph 2 are referred to as the "*Photographs*".

**B.** <u>**Defendant's Infringing Activity**</u>

23. Defendant is the registered owner of the Website and is responsible for its content.

24. Defendant is the operator of the Website and is responsible for its content.

25. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

26. The Website is monetized in that it sells services to the public and, on information and belief, Defendant profits from these activities.

27. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

28. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

29. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30. On or about March 18, 2020, Defendant displayed Photograph 1 on the Website as part of an on-line story at URL: https://thegamehaus.com/nfl/seattle-seahawks-to-sign-brandon-shell/2020/03/18/ ("*Infringement # 1*"). A copy of a screengrab of the Website including Photograph 1 is attached hereto as Exhibit 2.

31. Photograph 1 was stored at URL: https://i0.wp.com/thegamehaus.com/wp-content/uploads/2020/03/Brandon-Shell.jpg?fit=500%2C332&ssl=1.

32. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 1 on the Website.

33. Plaintiff first observed Infringement 1 on October 17, 2022.

34. On or about June 19, 2021, Defendant displayed Photograph 2 on the Website as part of an on-line story at URL: https://thegamehaus.com/nfl/azeez-ojulari-was-the-biggest-steal-of-the-2021-nfl-draft/2021/06/19/ ("*Infringement # 2*). A copy of a screengrab of the Website including Photograph 2 is attached hereto as Exhibit 2.

35. Photograph 2 was stored at URL: https://i0.wp.com/thegamehaus.com/wp-content/uploads/2021/06/Azeez-Ojulari.jpg?fit=1280%2C853&ssl=1.

36. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph 2 on the Website.

37. Plaintiff first observed Infringement 2 on October 17, 2022.

38. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

39. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific

infringement.

40. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Website.

41. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

42. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

43. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

44. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

45. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

46. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

47. Upon information and belief, Defendant monitors the content on its Website.

48. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

49. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its sales.

50. Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

51. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

52. Defendant's use of the Photographs harmed the actual market for the Photograph.

53. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Photographs are original, creative works in which Plaintiff owns a valid copyrights.

57. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

58. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

61. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by

using it on the Website.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

63. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

65. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

7

        infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: October 14, 2024

                                **SANDERS LAW GROUP**

                                By:   */s/ Craig Sanders*
                                Craig Sanders, Esq.
                                333 Earle Ovington Blvd, Suite 402
                                Uniondale, NY 11553
                                Tel: (516) 203-7600
                                Email: csanders@sanderslaw.group
                                File No.: 126939

                                *Attorneys for Plaintiff*